**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**DEBORAH L. BOARDMAN**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>**Fax: (410) 962-2577**<br>**MDD_DLBChambers@mdd.uscourts.gov** |

December 14, 2021

LETTER TO COUNSEL

      RE:    *Robert H. v. Kijakazi*
                 DLB-20-1309

Dear Counsel:

      On May 26, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") denial of a request for hearing on the cessation of his Disability Insurance Benefits ("DIB"). ECF 1, Complaint. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 11, 12, 15. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA properly exercised its "discretion as to the overall conclusion" and "'substantial evidence'" supported any findings of fact. *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 n.19 (2019) (quoting 42 U.S.C. § 405(g)); *see Smith v. Chater,* 99 F.3d 635, 638–39 (4th Cir. 1996). Under these standards, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff initially applied for DIB on August 5, 2014. Tr. 1. The SSA found him entitled to DIB beginning in October 2014. *Id.* at 7. The SSA found plaintiff's testicular cancer met Listing 13.25. *Id.* at 15. Plaintiff was assigned a "Medical Improvement Possible" medical diary, which triggered periodic agency review of his continuing eligibility for disability benefits. *Id.* at 16; *see* 20 C.F.R. § 404.1590(b)(2) ("[W]e will start a continuing disability review if—you have been scheduled for a periodic review (medical improvement possible or medical improvement not expected) in accordance with the provisions of paragraph (d) of this section[.]"); 20 C.F.R. § 404.1590(d) ("If your disability is not considered permanent but is such that any medical improvement in your impairment(s) cannot be accurately predicted, we will review your continuing eligibility for disability at least once every three years.").

      After a subsequent review of plaintiff's eligibility for disability, the SSA determined his disability ceased as of April 2018. Tr. 40. Plaintiff requested reconsideration of the cessation of benefits, *id.* at 46, but on May 16, 2019, the agency upheld the cessation, *id.* at 53. Plaintiff received 60 days to request a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 53. The 60-day period expired in July 2019. The SSA did not receive plaintiff's request for a hearing,

which was submitted by his wife, until November 20, 2019. *Id.* at 72. On January 30, 2020, the SSA issued a notice of dismissal of the request for a hearing. *Id.* at 75. The ALJ found plaintiff failed to demonstrate good cause for the untimely hearing request:

> In terms of extending the time to file the request, the claimant's wife stated that he missed the deadline to request a hearing because the claimant cannot stand on his feet for 10 minutes or more. She also alleged that he suffers severe hearing loss. In addition she stated, he is seeing a psychiatrist for severe depression and that the claimant cannot multitask and he has no memory. For example, if you tell him to water the chickens, he will be found standing in the driveway wondering why he's standing out there. He allegedly suffers from severe fatigue and pain in his hip, bones, and feet. The claimant cannot pay his own bills. He doesn't understand that he has to be taken care of like a child. The claimant could not understand what was required to complete the disability process for SSA. The claimant's wife . . . completes his paperwork and was incarcerated due to DUI and was not able to complete the claimant's paperwork timely.
>
> The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and finds that the claimant has not established good cause for missing the deadline to request a hearing. The claimant was paid based on testicular cancer. Per the statement (which appears to have been prepared by claimant's wife), the claimant's spouse alleges mental impairments prevented the claimant from understanding what SSA required. In addition, she stated she was incarcerated for a DUI and was unable to complete the paperwork for him, however, evidence shows that the claimant has a 12th grade education and nothing in his medical records suggests that [he] does not have the ability to properly file his own paperwork.

*Id.* at 78–79.

After the ALJ denied his hearing request, plaintiff obtained counsel and, through counsel, requested review of the ALJ's denial to the Appeals Council. *Id.* at 80–83. Plaintiff submitted additional medical records in support of his claim. *Id.* at 84–100. The Appeals Council, however, summarily denied plaintiff's request for review on March 27, 2020, finding "no reason under [their] rules to review the [ALJ's] dismissal." *Id.* at 101. Because the Appeals Council summarily denied plaintiff's request for review, *id.*, the ALJ's decision became the final decision of the SSA, 20 C.F.R. § 422.210(a).

On appeal, plaintiff argues that the ALJ's finding that plaintiff "lacked 'good cause' for untimely filing . . . was not supported by substantial evidence." ECF 11-1, at 11. For the reasons stated below, I find that, when I review the record as a whole, I cannot determine whether

*Robert H. v. Kijakazi*
DLB-20-1309
December 14, 2021
Page 3

substantial evidence supports the denial of plaintiff's untimely request. Accordingly, I remand but express no opinion as to plaintiff's ultimate entitlement to a hearing or benefits.[1]

The Court considers only "the procedural ground that was the basis for the Appeals Council dismissal, . . . allow[ing] the agency to address any residual substantive questions in the first instance," as needed. *Smith*, 139 S. Ct. at 1779–80. The procedural question presented here is whether there is substantial evidence to support the finding that plaintiff failed to show good cause for his untimely request for a hearing. The Court does not consider the substantive issue of whether plaintiff is entitled to a hearing.

The Court "review[s] the record as a whole, including the new evidence" that is "material" and "relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). Thus, although the ALJ's decision became the final decision of the SSA, 20 C.F.R. § 422.210(a), the relevant record is the record that was before the Appeals Council. *Id.*

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [the Court's] judgment" for the ALJ's. *Craig*, 76 F.3d at 589. "However, '[the Court] do[es] not reflexively rubber-stamp an ALJ's findings.'" *Triplett v. Saul*, 860 F. App'x 855, 863 (4th Cir. 2021) (per curiam) (quoting *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017)).

Here, the ALJ denied plaintiff's untimely request for a hearing because the ALJ found plaintiff had not established good cause for missing the deadline. The ALJ rejected the argument of plaintiff's wife, who filed the belated request on her husband's behalf, that mental impairments prevented him from understanding when and how to request a hearing. The ALJ reasoned that plaintiff, who had a twelfth-grade education, had been paid disability benefits based on testicular cancer (as opposed to a mental impairment) and that "nothing in the medical records suggests [he] does not have the ability to properly file his own paperwork." Tr. 79. Plaintiff, through counsel, requested review of the ALJ's denial and submitted new evidence to the Appeals Council. The Appeals Council, in turn, summarily declined plaintiff's request for review and did not refer to the new evidence or explain its rationale.

---

[1] There is an open question of law as to whether the Appeals Council's refusal to review the ALJ's denial of the hearing request is a "final decision of the Commissioner . . . made after a hearing." *See* 42 U.S.C. § 405(g); *Smith v. Berryhill*, 139 S. Ct. 1765, 1780 (2019) (noting but not resolving the issue of whether dismissal of an untimely hearing request constitutes a final agency action). For purposes of this appeal, the Commissioner waives the finality requirement and does not dispute the Court's jurisdiction over plaintiff's appeal. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (finality requirement waivable); ECF 12, at 2.

*Robert H. v. Kijakazi*
DLB-20-1309
December 14, 2021
Page 4

Some of the new medical evidence submitted to the Appeals Council relates to plaintiff's mental impairments. It includes records from Psych Associates of Maryland, LLC between November 13, 2019 and March 3, 2020. Within those records, there is a treatment note, generated one month before the Appeals Council decision, that documents a conversation between plaintiff's mental health treatment provider and his oncologist, Dr. David Smith:

> Note: Spoke with Dr[.] David Smith . . . who said that [plaintiff's] testicular cancer was in complete remission after seeing him today. Dr[.] Smith agreed that pt was "never a bright guy" but much different after the stem cell treatment, and he believes it is responsible for his cognitive decline. He said he knows of nothing in the oncology world that would treat or reverse the cognitive decline. He said he would treat it similarly to dementia with empiric medications. He agreed the pt should follow up with neurology and keep seeing us.

Tr. 90 (containing a note entered on February 24, 2020). According to this evidence, plaintiff's oncologist opined that the stem cell treatment for plaintiff's testicular cancer, which occurred at least two years before the ALJ's decision, caused cognitive decline that should be treated similarly to dementia. *See id.* at 34, 59 (indicating plaintiff had undergone bone marrow transplant for recurrent seminoma of the left testicle in May 2017). This note evidencing a cognitive decline caused by cancer treatment that predated the ALJ's decision conflicts with the ALJ's finding that "nothing in [plaintiff's] medical records suggests that [he] does not have the ability to properly file his own paperwork."

Although the Appeals Council is not required to "explain its rationale for denying review," the record as a whole, including "'new evidence presented to the Appeals Council," must "provide[] an adequate explanation of [the Commissioner's] decision.'" *Meyer v. Astrue*, 662 F.3d 700, 705, 707 (4th Cir. 2011) (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)). Here, when the new evidence is considered, there is an unresolved conflict in evidence that, if resolved in plaintiff's favor, could establish good cause to excuse his untimely request. *See* S.S. Ruling 91-5p (lack of "mental capacity to understand the procedures for requesting review" demonstrates good cause). No finder of fact provided an adequate explanation (or any explanation for that matter) of how that conflict was resolved. Consequently, "the lack of such additional fact finding . . . render[s] judicial review 'impossible.'" *Meyer*, 662 F.3d at 707 (quoting *DeLoatche,* 715 F.2d at 150). Therefore, the ALJ's decision must be reversed and remanded for an adequate explanation of the unresolved conflict in evidence because it is not clear whether the decision is supported by substantial evidence. *See id.* (remanding because "no fact finder ha[d] made any findings as to [a] treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record"); *Wilkins*, 953 F.2d at 96. The ALJ, not the Court, should resolve this conflict in evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 11, is denied, and the Commissioner's motion for summary judgment, ECF 12, is denied. The SSA's decision is reversed in part and remanded for further proceedings in accordance with this opinion.

*Robert H. v. Kijakazi*
DLB-20-1309
December 14, 2021
Page 5

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                              Sincerely yours,

                              Deborah L. Boardman
                              United States District Judge